RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/16/06
BY ____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN BIRDSONG | CIVIL ACTION NO. 1:06-cv-1037 |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| CLAUDIA LAPEROUSE, ET AL | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights complaint filed under 28 U.S.C. §1983 by Plaintiff John Birdsong, *in forma pauperis*. Birdsong challenges the constitutionality of Louisiana's sex offender registration and notification laws (La. R.S. 15:540 *et seq.*) as applied to him. Plaintiff claims that the laws violate the Ex Post Facto Clause of Article I, § 10, cl.1, of the United States Constitution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff asserts that on September 19, 1989, he plead guilty to forcible rape. He served "ten years, ten months, and eight days," and was released on September 4, 1999. Plaintiff states that he plead guilty based on the terms of the law in 1989. He claims that, after being released from prison, he was informed that an additional requirement had been added to his parole; that is, he had to register with the sheriff as a sex offender and comply with the conditions of La. R.S. 15:542 and 15:538(B). Specifically, plaintiff states that he had to post "announcement cards," put his photo in the newspaper, and attend behavior intervention classes. [Doc. #1-3, p.2-3.] Plaintiff claims that

these requirements are additional penalties that were not in effect at the time of the commission of his crime. Therefore, plaintiff contends that he was subjected to ex post facto legislation. For relief, the plaintiff seeks reimbursement of the $525 that he allegedly paid for behavior classes, a declaratory judgment that Plaintiff does not have to register as a sex offender or attend behavior intervention, and punitive damages.

## LAW AND ANALYSIS

I.  FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2)(B); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias at 97.

II.  EX POST FACTO CLAUSE

Plaintiff claims that because he pled guilty to forcible rape and was sentenced in 1989, he is not subject to the provisions of the Louisiana sex offender registry laws, which were enacted subsequent to the commission of his crime. Plaintiff alleges that the laws, as applied to him, violate Plaintiff's right to be free from ex post facto legislation. The claim should be dismissed as frivolous and failing to state a claim for which relief can be granted; it is well-settled that the Louisiana sex offender registry and notification laws are not unconstitutional. See Moore v. Avoyelles Corr. Ctr., 253 F.3d 870, 872 (5th Cir. 2001).

As noted by the Fifth Circuit Court of Appeal, "Article I, § 10 of the Constitution prohibits the states from enacting any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Moore, 253 F.3d 870, 872 (5th Cir. 2001), citing Weaver v. Graham, 450 U.S. 24, 28, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981) (citations omitted). However, Louisiana's sex offender notification laws are not punitive and serve an important non-punitive goal of "'alerting the community to the presence of sexual predators...and giving guidance to the community to allow it to avert new and tragic sexual offenses.'" Moore v. Avoyelles Corr. Ctr., 253 F.3d at 873, citing Russell v. Gregoire, 124 F.3d

3

1079, 1091 (9th Cir. 1997) (holding that Washington's sex offender neighborhood notification law, which "is tailored to help the community protect itself from sexual predators under the guidance of law enforcement, not to punish sex offenders," serves a remedial purpose).

In Moore, 253 F.3d at 872, the Fifth Circuit held that Louisiana sex offender notification laws do not violate the Constitution's proscription of ex post facto laws because they are not punitive in intent or effect. See id.; see also Herron v. Cockrell, 78 Fed. Appx. 429, 430 (5th Cir. 2003). Furthermore, subsequent to the Moore case, the United States Supreme Court held that retroactive application of "Megan's laws" requiring sexual offender registration and notification do not violate the Ex Post Facto Clause. See Smith v. Doe, 538 U.S. 84 (2003); see also Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003) (notification provisions of sex offender registration law do not violate procedural due process).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following**

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 16th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE